UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN M. ETHERIDGE,

        Plaintiff,

v.

ALLIEDBARTON SECURITY SERVICES, LLC,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: May 1, 2013

12 Civ. 05057 (PAC) (GWG)

**OPINION AND ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On June 27, 2012, pro se Plaintiff John Etheridge ("Etheridge") filed a Complaint under Title VII of the Civil Rights Act of 1964 against AlliedBarton Security Services, LLC, ("AlliedBarton"), his former employer, arising out of his employment and termination. On October 12, 2012, AlliedBarton moved to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). On March 28, 2013, Magistrate Judge Gorenstein issued a Report and Recommendation ("R&R"), concluding that the motion should be granted. Etheridge filed objections to the R&R and moved for leave to file an amended complaint on April 11, 2013. For the following reasons, the Court adopts Magistrate Judge Gorenstein's R&R, denies Etheridge's motion, and dismisses this matter.

### I.    The R&R

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party objects to an R&R, the Court must review the contested portions de novo, 28 U.S.C. § 636(b)(1); Pizzaro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991), but the Court may adopt those portions of an R&R that are not objected to, so long as there is no clear error on the face of the record. Wilds v. UPS, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). Objections must be "specific and clearly aimed at particular findings" in the R&R; if a party makes only conclusory or general

objections, the R&R is reviewed for clear error. Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). While the Court acknowledges Etheridge's pro se status and affords his objections a liberal construction, he is "not exempt from the 'rules of procedural and substantive law.'" DiPilato v. 7–Eleven, Inc., 662 F. Supp. 2d 333, 343 (S.D.N.Y. 2009) (quoting Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)).

Etheridge's objections are comprised of two sentences. First, he writes that he "never changed any date on submitted complaint(s)." This appears to be a reference to Magistrate Judge Gorenstein's finding that the only differences between the instant complaint and that filed in the Eastern District of New York was that "Etheridge has changed the date of a telephone conversation between him and employees of the defendant from August 27 to August 26, 2011." (R&R at 5 n.1.) Magistrate Judge Gorenstein is correct; the date was changed. Second, Etheridge writes that he "requested plausibility discovery for all pertinent information." This does not reflect or suggest any error in the R&R. Having reviewed Etheridge's objections and finding them without merit, the Court reviewed the remaining portions of the R&R for clear error. Finding none, the Court hereby adopts the R&R in full.

## II.   Motion to Amend

Etheridge's Proposed Amended Complaint ("PAC") alleges that AlliedBarton violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). "To establish a civil RICO claim, a plaintiff must allege '(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity,' as well as 'injury to business or property as a result of the RICO violation,'" where the pattern "must consist of two or more predicate acts of racketeering." Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 119 (2d Cir. 2013) (quoting Anatian v. Coutts Bank (Switz.) Ltd., 193 F.3d 85, 88 (2d Cir. 1999)).

2

Etheridge alleges three predicate acts by AlliedBarton, at least two of which are not properly pled in the PAC. First, Etheridge alleges that AlliedBarton obstructed justice, but the PAC does not include any allegations relating to a prior federal court proceeding, which is a requirement for obstruction of justice to be a cognizable predicate act in a civil RICO claim. Sheridan v. Mariuz, No. 07 Civ. 3313, 2009 WL 920431, at *9 (S.D.N.Y. Apr. 6, 2009) (citing O'Malley v. New York City Trans. Auth., 896 F.3d 707, 707 (2d Cir. 1990)). Second, Etheridge alleges that AlliedBarton committed theft, but "the crime of theft, standing alone, is not a specified unlawful activity" that may serve as a predicate act. U.S. v. Napoli, 54 F.3d 63, 68 (2d Cir. 1995); Toms v. Pizzo, 4 F. Supp. 2d 178, 183 (W.D.N.Y. 1998). Assuming *arguendo* that the PAC's fraud claim is adequately pled, it would still be insufficient to support Etheridge's RICO claim because RICO requires a "pattern" comprised of at least two predicate acts. Lundy, 711 F.3d at 119. Accordingly, Etheridge's motion for leave to amend is denied as futile. See Forman v. Davis, 371 U.S. 178, 182 (1962).

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Gorenstein's recommendation that the case be dismissed and Etheridge's motion for leave to amend the complaint is denied. The Clerk of Court is directed to terminate the motions at docket numbers 13 and 18, enter judgment on behalf of AlliedBarton, and close this case. Pursuant to 28 U.S.C 1915(a), I find that any appeal from this order would not be taken in good faith.

Dated: New York, New York
May 1, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

John M. Etheridge
137 Martense Street
Brooklyn, NY 11226-3303